## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHRISTOPHER M. MILES,**

**Plaintiff,**

**vs.**                                    **CASE NO.  4:24-CV-00054-WS-MAF**

**FIDELITY CORPORATION,**

**Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Miles, a pretrial detainee currently housed at Florida State Hospital (FSH) and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the requisite filing fee, but he filed an incomplete motion to proceed *in forma pauperis* (IFP). ECF No. 2.

The Court conducted an initial screening of the complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it legally insufficient. ECF No. 4. The Court issued an Order advising Plaintiff to (1) file an amended complaint and (2) either complete an IFP application or pay the $405 filing fee by March 11, 2024. Id.  The Court, *sua sponte*, extended this deadline to **March 18, 2024**, to afford Plaintiff a full opportunity to comply with the Court's order. ECF No. 6. Plaintiff timely submitted his amended

complaint, but he failed to file a motion to proceed IFP and did not pay the filling fee. ECF No. 9. Further, Plaintiff's amended complaint remains legally insufficient. Thus, it is recommended that the amended complaint be dismissed for failure to comply with court orders and that the case be closed.

## I.   Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the

speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action."

<u>Id.</u> Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be

assumed true." <u>Iqbal</u>, 556 U.S. at 681. To escape dismissal, the complaint

must allege facts sufficient to move claims "across the line from conceivable

to plausible." <u>Id.</u> "The plausibility standard is met only where the facts alleged

enable 'the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged' . . . The complaint's allegations must establish

'more than a sheer possibility that a defendant has acted unlawfully.'"

<u>Franklin v. Curry</u>, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting <u>Iqbal</u>, 556

U.S. at 678).  A brief discussion of the procedural history is warranted.

## II.   Plaintiff's Amended Complaint, ECF No. 9.

Plaintiff sued Fidelity Corporation (Fidelity) in its individual capacity.

ECF No. 9, p. 2. According to Plaintiff, he deposited $18,000 into a Fidelity

account and began trading in the stock- and "crypto market." <u>Id.</u>, p. 5. As a

result of his trading, he "accumulated $72,000 dollars in investment profits,"

but Fidelity only gave him access to $800. <u>Id.</u> When Plaintiff wanted to

withdraw money from his accounts, Fidelity accused Plaintiff of fraud and

insider trading, closed his accounts, and refused to give him the remaining balances from his accounts. Id.

Plaintiff alleges that Fidelity violated his constitutional rights because: (1) Fidelity committed theft by stealing $72,000 from his accounts, (2) Fidelity breached their contract with Plaintiff, (3) Fidelity slandered him by accusing him of insider trading, and (4) a clause in the Fidelity contract is "unfair." Id., p. 7. As relief, Plaintiff seeks $72,000 in actual damages; $27,000,000 for breach of contract; $30,000,000 for slander; and $200,000,000 "[f]or [the] unfair contract clause." Id.

Notably, the Court issued *three* Orders directing Plaintiff to (1) amend his complaint and (2) either complete an IFP application or pay the $405 filling fee. ECF Nos. 4, 6, and 8. The Court also advised Plaintiff tha, if he failed to comply, his case would be subject to dismissal. Id. Then, Plaintiff submitted two improper filings requesting an extension of time to pay the filling fee or complete an IFP application. ECF Nos. 5 and 7. The Court struck these filings for failure to comply with the Rules governing federal cases.[1]

## III.    Discussion

Plaintiff had ample opportunity to either file an IFP application or pay

---

[1] This Court struck similar fillings by Plaintiff, in other cases, for similar reasons. See, for example, Case No. 4:23-cv-00531-AW-MAF, Miles v. Davis, ECF No. 12.

the filling fee, but he did not do so. Further, Plaintiff's amended complaint remains legally insufficient because it fails to state a claim upon which relief can be granted.

A. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper forms. ECF No. 4. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. Id., pp. 9-10. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. The Court reminded Plaintiff of the same on two subsequent occasions. ECF Nos. 6 and 8. ]As of today, Plaintiff has failed to file a complete IFP motion or pay the filing fee.

B. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its

own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

As previously stated, Plaintiff had until **March 18, 2024**, to submit a legally sufficient complaint. Plaintiff's amended complaint remains legally insufficient because (1) Plaintiff failed to articulate a constitutional claim, (2) Plaintiff failed to indicate when this alleged incident occurred, and (3) Fidelity is not a state actor under Section 1983.

First, Plaintiff's amended complaint does not suggest that Fidelity's conduct, actions, or inactions are somehow attributable to the state or that Fidelity was acting "under color of state law." At best, Plaintiff's claims are state tort and contract claims. It is true that "federal courts are obligated to look beyond the label of a pro se [litigant's] motion to determine if it is cognizable under a different statutory framework." United States v. Stossel,

348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Individual litigants have a right to represent themselves and to proceed *pro se*, but the responsibility for representation lies with them alone. Second, Plaintiff makes no mention of when this alleged incident occurred—leaving the Court unable to determine the appropriate statute of limitations that apply to this matter.

Third, as the Court previously explained to Plaintiff[2], Fidelity is not a state actor under Section 1983. To prevail in a Section 1983 action, a plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey, 949 F.2d at 1130. Three tests are used to determine whether a defendant is a state actor: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." Nat'l Broadcasting Co. v. Communications Workers of America, 860 F.2d 1022, 1026 (11th Cir. 1988). Plaintiff failed to indicate how any of these tests apply to the instant case.

---

[2] ECF No. 4, p. 9.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. <u>See</u> <u>also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 28th day of March 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).