**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER MATTHEW MILES,**

    **Plaintiff,**

**vs.**	**CASE NO. 4:24-CV-00054-WS-MAF**

**FIDELITY CORPORATION,**
**et al.,**

    **Defendants.**
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee proceeding *pro se*, initiated a civil rights complaint, pursuant to 42 U.S.C. § 1983, followed by an amended complaint. ECF Nos. 1, 9. This Cause comes before the Court upon *sua sponte* review of the case.

On March 28, 2024, the undersigned issued a Report recommending dismissal because Plaintiff failed to comply with two court directives: (1) to file a proper application to proceed *in forma pauperis* or, alternatively, pay the filing fee and (2) to amend the deficiencies identified in the complaint no later than **March 18, 2024**. ECF No. 10. Although Plaintiff paid the filing fee on April 1, 2024, ECF No. 11, his amended complaint, ECF No. 9, fails to state a claim and Fidelity Corporation is not a state actor under Section 1983.

<u>Id.</u> That analysis presented in the pending Report need not be repeated here; it remains the same. Plaintiff had multiple opportunities to amend to cure the deficiencies identified by the Court but did not do so.

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. <u>See</u> <u>also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 9th day of April, 2024.

s/ Martin A. Fitzpatrick  
MARTIN A. FITZPATRICK  
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on

appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).